### FORREST RANEY v. THE STATE.

No. 21611. Delivered April 30, 1941.
Rehearing Denied June 11, 1941.

The opinion states the case.

*Wm. C. Culp* and *L. V. Henry, Jr.,* both of Gainesville, for appellant.

*Lloyd W. Davidson,* State's Attorney of Austin, for the State, on submission.

KRUEGER, Judge.

Appellant pleaded guilty to stealing five head of cattle and

nis punishment was assessed at the minimum of two years in the State penitentiary.

The record is before us without a statement of facts.

By motion for new trial appellant claimed that the jury, during its deliberations, received new and other testimony. The testimony relied upon to support such contention is brought forward in a bill of exception and is sufficient to support the trial court's conclusion not only that such discussion did not happen as alleged, but that if so, it was after the jury had reached its verdict.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant urges that notwithstanding an absence of a statement of facts his bill of exception complaining that the jury discussed other thefts which had occurred in the county presents reversible error. We have again examined said bill and remain of opinion no reversible error is shown. Something was said about other cattle thefts in the county. No one mentioned appellant as being in any way connected therewith. The evidence of the jury would support a finding by the court that what little was said occurred after a verdict had been reached, and while they were waiting for the judge to receive the verdict. One juror said whatever talk occurred was based on what some witness had said during the trial concerning other cattle thefts in the county. It will readily be seen that in the absence of the statement of facts the last mentioned testimony of the juror cannot be appraised. The whole claim of improper conduct of the jury is sought to be shown by evidence which is indefinite and vague. The trial court was amply justified in refusing to disturb the verdict.

The motion for rehearing is overruled.